(Nos. 6347 and 6356.   February 3, 1937.)

IRA G. MURPHY, in His Official Capacity as Treasurer of Benewah County, Idaho, BENEWAH COUNTY, a Municipal Corporation, and E. E. McLAUGHLIN, C. S. YOUNG and GEORGE McLEOD, County Commissioners of Benewah County, Idaho, in Their Official Capacity as Such, Respondents and Cross-Appellants, v. LUMBERMENS STATE BANK AND TRUST COMPANY, a Corporation, BEN DIEFENDORF, Commissioner of Finance of the State of Idaho in Charge of Liquidation of the Lumbermens State Bank & Trust Co., a Defunct Banking Corporation of the State of Idaho, and GEORGE W. WEDGEWOOD, Liquidating Agent Having Charge of Said Bank in Liquidating Its Affairs, Appellants and Cross-Respondents.

[65 Pac. (2d) 154.]

Robt. H. Elder, Attorney for Appellants and Cross-Respondents.

Wm. D. Keeton, Attorney for Respondents and Cross-Appellants.

MORGAN, C. J.—Respondents and cross-appellants will be referred to hereinafter as respondents, and appellants and cross-respondents as appellants.

Scenic Better Roads Highway District, situated in Benewah county, held an election to decide whether or not it should be dissolved. The election resulted in favor of dissolution and, pursuant thereto, an order was made dissolving the district, whereupon the county commissioners of that county were by law invested with jurisdiction over its property and business affairs. (I. C. A., tit. 39, chap. 20.)

After the district was dissolved moneys acquired by it prior to dissolution were left on deposit in Lumbermens State Bank and Trust Company and remained so deposited when the bank, being insolvent, suspended business and was taken over to be liquidated by the commissioner of finance.

Claim was made by and on behalf of respondents, to the commissioner of finance, that these moneys constituted a trust fund and should be classified pursuant to I. C. A., sec. 25–915, subdivision 2, and paid prior to all claims save those for expenses of liquidation. Classification as a trust fund was disallowed and the claim was classified pursuant to subdivision 3, of that section, as a general deposit.

Section 25–915 provides:

"The order of payment of the debts of a bank liquidated by the commissioner shall be as follows:

"1. The expense of liquidation, including compensation of agents, employees and attorneys.

"2. All funds held by bank in trust.

"3. Debts due depositors, holders of cashier's checks, certified checks, drafts on correspondent banks, including protest fees, paid by them on valid checks or drafts presented after closing of the bank, *pro rata.* All deposit balances of other banks or trust companies and all deposits of public funds of every kind and character (except those actually placed on special deposit under the statutes providing there-

for) including those of the United States, the state of Idaho, and every county, district, municipality, political subdivision or public corporation of this state, whether secured or unsecured, or whether deposited in violation of law or otherwise, are included within the terms of this subdivision and take the same priority as debts due any other depositor; anything in the statutes of the state of Idaho to the contrary notwithstanding. . . . . ''

The purpose of this action is to procure the classification and payment of the claim as a trust fund in preference to depositors. It was commenced and prosecuted on the theory that deposit of the funds was made and kept in the bank in violation of the public depository law, and particularly secs. 55–112 and 55–113 thereof, in that the bonds and other securities placed in custody of the county auditor to secure the deposit, did not conform to the requirements of the statute.

The trial judge held securities of the face value of $12,400, so placed with the county auditor, were not of kind and character required by law and, to that extent, the security was unlawful; that from these unlawful securities, respondents had collected $804.37, and adjudged and decreed $11,595.63 of their claim to be a trust fund and that they be given preference in payment thereof provided for in subdivision 2 of section 25–915. The remainder of the claim was decreed to be a general deposit, payable as provided in subdivision 3 of that section.

Appellants have appealed from that part of the judgment wherein a portion of the claim was decreed to be a trust fund, and respondents have appealed from that part thereof wherein their claim, in excess of $11,595.63, was decreed to be a general deposit.

An examination of the record leaves no doubt that the money involved herein was placed and kept on deposit in the bank in violation of the statute, in that the securities delivered to the auditor to insure their payment were inadequate, and many of them were not of a kind to meet the statutory requirements.

Although the deposit was made and maintained in violation of law it did not thereby become a trust fund. It

does not appear, and it is not contended, fraud was practiced by the bank in the transaction, nor that the public officials, charged with the duty to exact and receive adequate, legal security, were in any way misled or taken advantage of, nor that they were not fully aware of the nature of the security given.

The facts of this case, viewed in the light of *Bannock County v. Citizens B. & T. Co.*, 53 Ida. 159, 22 Pac. (2d) 674, and *Independent School Dist. No. 1, of Benewah County, v. Diefendorf, ante,* p. 191, 64 Pac. (2d) 393, overruling *White v. Pioneer Bank & Trust Co.*, 50 Ida. 589, 298 Pac. 933, constitute no basis for holding any part of the deposit a trust fund. The legislative intention that a deposit of public money in a bank, knowingly made by one having authority to make it, although unlawful, shall, in event of insolvency and liquidation of the bank, be classified as a general deposit and not as a trust fund, is clear and the statute to that effect is controlling.

The cause is remanded to the district court with direction to affirm the action of the commissioner, holding the funds in question to be a general deposit, subject to classification and payment pursuant to sec. 25–915, subdivision 3. No costs awarded.

Holden, Givens and Ailshie, JJ., concur.

Budge, J., dissents.